863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SMCO, INC., et al., Petitioners Cross-Respondents,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner.
 Nos. 88-5031, 88-5152.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges, JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a petition to review, and a cross action to enforce, an order and decision of the National Labor Relations Board finding the petitioner SMCO, Inc. and its subsidiaries in violation of sections 8(a)(1), (3) and (5) of the Act.
 
 
 2
 The employer operates a trucking business at several locations in the South and in 1984 recognized the Teamsters union as the collective bargaining representative of its Memphis drivers. During the first two negotiating sessions, the union proposed that the employer agree to the Teamsters National Master Freight Agreement with a rider dealing with local issues. The employer, however, insisted on a separate agreement for Memphis. Subsequent contacts consisted principally of letters between the parties. In one letter, written on February 1, 1985, the employer renewed its proposals and stated that it was considering locking out the Memphis drivers and contracting with a cartage agent to transport the Memphis freight. The letter also indicated that the employer would consider the proposal rejected unless it heard from the union by February 13. When the union responded by requesting more negotiations, the employer stated that it considered further negotiations pointless.
 
 
 3
 The union continued to seek further negotiations, but the employer resisted, advising the union that it was considering "shutting down its unprofitable Memphis operations and permanently laying off the five or so remaining drivers at [the Memphis] facility." The parties met on April 30 to discuss this decision and its effects. That meeting was fruitless, and the employer's representative bruskly turned aside a request to consider severance pay. At the same time he asked the union representative, "Why don't you get [the drivers] a job with a union truck line since they want a union so bad"? On May 15 the employer informed the union that it was closing the Memphis terminal on May 17 and permanently discharging the drivers because of economic necessity. This was done, but no other jobs were eliminated by the employer elsewhere.
 
 
 4
 The Board found that the employer violated section 8(a)(1) by threatening to discharge the drivers and subcontract the work unless they repudiated the union, and that the employer violated section 8(a)(1), (3) and (5) by discharging the drivers, by subcontracting their work without negotiating either the decision or its effects with the union, and by effectively withdrawing its recognition of the union. As a remedy the Board ordered the employer to resume its Memphis operations, to offer reinstatement to the discharged drivers, and to compensate them for any losses they sustained.
 
 
 5
 The issues before this court are whether the findings of violations are supported by substantial evidence and whether the Board properly exercised its authority in fashioning a remedy. After carefully considering all of the arguments of the employer, and examining the record on appeal, this court concludes that the findings of the Board are supported by substantial evidence. The employer argues particularly (1) that it was not required to bargain over the decision to close the Memphis terminal and (2) that it did bargain over the effects of that decision. However, the Board found that an anti-union bias prompted the decision to close the terminal, and for this reason the employer was required to bargain over the decision as well as the effects. The Board further found that there was no good faith bargaining over either the decision or its effects. In addition to the facts recited herein, there is other evidence in the record that supports the conclusion that the employer did not negotiate in a good faith effort to reach agreement with the union. Among these are the employer's granting raises to drivers at another terminal immediately after the drivers there voted against representation by another union local. The employer granted these raises even though it claimed that it was losing money systemwide. There were inconsistencies in the testimony on behalf of the employer and discrepancies in some of the financial data upon which it relied to establish economic necessity for closing the Memphis facility. These inconsistencies and discrepancies required credibility determinations which the ALJ made in favor of the General Counsel.
 
 
 6
 We have also examined the remedy imposed by the Board in light of the employer's arguments and find that (1) the Board did not exceed its authority and (2) that no reason exists for this court to order a different remedy.
 
 
 7
 The petition for review is denied, and the cross-application for enforcement of the decision and order is granted.